GARDEN, JUDGE:
At about 9:00 a.m. on Saturday, December 1, 1973, the claimant was operating his 1972 Ford pickup truck in a southerly direction on U.S. Route 119 in Kanawha County. It was a clear, sunny day, and the road was dry. Mr. Williams was proceeding from his home in Hernshaw to his place of employment in Peytona, Boone County. He was very familiar with this road, having travelled it on an almost daily basis in going to and from his place of employment. The claimant was about two miles south of Hernshaw, travelling at a speed of 45 to 50 miles per hour on this heavily travelled road, estimated to be 20 feet in width, when, in negotiating a turn to his right, he observed a pickup truck stopped in the southbound lane about 40 feet ahead of him. Rather than go across the double yellow center line and into the usually busy northbound lane, Mr. Williams applied the brakes and turned his truck to the right. As a result, the truck skidded, turned over onto its left side, and slid into the rear of the stopped pickup truck, later determined to be owned and operated by Herschel O. Davis. The claimant’s vehicle was totaled, and he received personal injuries, hereinafter described.
Apparently, severe flooding had taken place in that area of U.S. Route 119 three-days prior to December 1, 1973, and respondent’s employees were engaged in effecting repairs on the morning of the accident. Claimant testified that, as he approached the scene of the accident, he did not observe any warning signs, signal devices, or flagmen warning him of the work activities ahead. Deputy Sheriff Eisenmenger, who arrived at the scene to investigate the accident, confirmed the testimony of the claimant in this regard, and, in fact, testified that during the course of his investigation he advised respondent’s foreman that he, the foreman, should station flagmen both north and south of the accident scene to prevent another accident. The deputy further stated that the speed limit in the area of the accident was 55 miles per hour.
*429 Herschel O. Davis, whose pickup was struck in the rear by claimant, testified that he had come from Sissonville that morning and had not observed any warning signs, signal devices, or flagmen prior to being required to stop in the line of traffic in the southbound lane. Mr. Davis testified that, after stopping, he could see a dump truck about a quarter of a mile south of him blocking traffic in both lanes while it dumped gravel in a creek bed which had been washed out in addition to the berm on the east side of the road. He stated that he observed a flagman near the dump truck, and that, in his opinion, 30 or 40 vehicles were stopped in the southbound lane.
Harold Lee Wolfe, an employee of respondent, testified that he lived in Boone County and travelled U.S. Route 119 to and from work five days a week. Mr. Wolfe stated that he recalled the flooding, the work'performed by the respondent, and the warning signs erected both north and south of the work area. On cross-examination, he stated that he would be called out to work on some Saturdays and that he was riot sure whether he had been through the area on the morning of claimant’s accident. Claude Bartley testified that on December 1, 1973, he was a heavy maintenance foreman for the respondent and was directing the dumping of gravel on U.S. Route 119 south of Hernshaw; that the dumping was being done by a dump truck owned by Mountain Trucking Company and operated by one of its employees; that he had a flagman about 100 feet north and south of the site of the dumping operation; that, while he did not see the accident, he heard it and then observed a pickup truck on its side 200 or 400 feet north of him; and that, while he did not observe warning signs that morning, he was confident that they were erected.
We believe that the evidence as a whole clearly preponderates in favor of the claimant, and that he has established that the respondent failed to take the necessary steps to warn motorists, particularly southbound motorists, of the obstructive road work taking place. We further believe that this failure constituted negligence which was the proximate cause of the accident and ensuing losses and injuries to the claimant. We find no evidence from the record reflecting negligence on the part of the claimant, and, as a result, contributory negligence will not be discussed.
After the accident, the claimant was taken to the emergency room of the Charleston Area Medical Center (CAMC) where, for six or seven hours, he received treatment for his injuries. He was not *430 admitted but did return on December 13,1973, and was discharged on December 17, 1973, during which time Dr. Augusto Portillo, a specialist in plastic and reconstructive surgery, performed an operation to reduce three fractures in the maxilla and zygoma bones on the left side of the claimant’s face. In addition, Mr. Williams suffered a laceration in the left eyebrow and one below the left eye which has left a permanent scar. The infra-orbital nerve was also damaged, causing numbness in his lips and teeth, which Dr. Portillo indicated will be permanent in nature. Dr. Portillo last saw the claimant on October 7,1978, and testified that, beyond the numbness in the lips and teeth, the claimant complained of headaches, discomfort when pressure was applied to the left side of his face, and pain when he exposed himself to cold weather. There was also some question regarding an injury to the left eye; however, the respondent obtained an independent examination of the claimant by Dr. George E. Toma, an ophthalmologist practicing in South Charleston, who testified to a reasonable degree of medical certainty that the claimant had not sustained any disability to the left eye, which evidence was not contradicted.
Except for the $100 deductible feature of his collision insurance policy, the record would indicate that the claimant has been made whole for the loss of his truck. Surprisingly, Mr. Williams testified that he lost only six days of work, and that this loss amounted to $480.00; however, on cross-examination he testified that he was a salaried employee and that no deductions from his salary were made. He further stated that, prior to the accident, he worked a considerable amount of overtime, but since the accident, he has not done as much overtime work because of his physical inability to do so. Mr. Williams indicated that, in either 1971 or 1972, he had kept a record which revealed that he had worked 50 overtime days, but he had not kept such a record since the accident. We do not believe that any loss of wages was established, and, as to loss of overtime, any attempt to include this as an item of damage would require speculation, in which we will not .indulge. On the other hand, it was stipulated that a hospital bill of $504.18 and Dr. Portillo’s charge of $650.00 were incurred.
Based on the total special damages and the nature and extent of the injuries, some of which are permanent in nature, we feel that an award of $13,500.00 is fair, adequate, and just. However, the record discloses that, in addition to filing this claim, the claimant filed a civil action against Mountain Trucking Company in the Circuit *431 Court of Kanawha County, which case was settled out of court for $1,500.00, the claimant reserving his right to continue to pursue his claim against the respondent in this Court. Believing that the respondent is entitled to a-pro tanto credit for this settlement involving a joint tort-feasor, our award is reduced by $1,500.00.
Award of $12,000.00.